# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| LAWRENCE FAUNTLEROY, | : | PRISONER CIVIL RIGHTS |
| DeKalb Cty # X1903906, | : | 42 U.S.C. § 1983 |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SGT. THOMAS, | : | |
| SGT. ROBERTS, | : | CIVIL ACTION NO. |
|     Defendants. | : | 1:20-CV-0782-SDG-JCF |

## FINAL REPORT AND RECOMMENDATION

Plaintiff Lawrence Fauntleroy, an inmate at the DeKalb County Jail in Decatur, Georgia, has filed a *pro se* amended 42 U.S.C. § 1983 civil rights complaint. The matter is before the Court for initial screening of the amended complaint.

The Court must screen a prisoner complaint against a governmental entity, officer, or employee to determine whether the action (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b)(1)-(2). A claim is frivolous if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quotation marks omitted). To state a

claim for relief, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).

"A plaintiff . . . must plead facts sufficient to show that [his] claim has substantive plausibility" and to inform the defendant of "the factual basis" for the complaint. Johnson v. City of Shelby, 574 U.S. 10, 12 (2014) (per curiam). In order to satisfy the plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. Gissendaner v. Comm'r, Ga. Dep't of Corr., 803 F.3d 565, 578 (11th Cir. 2015); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (discussing a court's authority to disregard frivolous factual allegations). Further, the Court holds pro se pleadings to a less stringent standard than pleadings drafted by lawyers. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (quotation marks omitted). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claims, the complaint is subject to dismissal. See 28 U.S.C. § 1915A (providing that a complaint, or any portion thereof, that does not pass the standard in § 1915A(b)(1)-(2) "shall" be dismissed on preliminary review).

In his amended complaint, plaintiff names as Defendants (1) "Sgt. Thomas," and (2) "Sgt. Roberts," both correctional officers at the DeKalb County Jail. (Doc. 16 at 3.) Plaintiff alleges that, in "2019," Sgt. Roberts came into his dorm and ordered all of the inmates onto the stairs. (Id. at 4.) Plaintiff protested that he had a "lower tier, bottom bunk, double mattress" medical profile, and Sgt. Roberts replied "so what about your profile[,] I don't care get on the stairs." Plaintiff alleges that Sgt. Roberts told the other inmates that no one would eat until plaintiff got on the stairs, so he "went up." (Id.)

Plaintiff contends that this "went on every other morning for weeks" until he "could not get up out of the bed because of [his] back and leg." (Id.) Plaintiff states

3

that Sgt. Roberts came to his door "politely" and told him that he could come out and sit down for a while. (Id.) Plaintiff states that he was coming out of his cell with his roommates' help when "all of a sudden a shotgun went off," and Sgt. Roberts and two other officers drew their tasers, pointed them at Plaintiff, and ordered him to the floor. (Id.) Plaintiff protested that he "had a problem getting down," but he "dropped" to the floor out of fear of the tasers. (Id.) Plaintiff was then taken into the room and strip searched. (Id.)

Plaintiff further alleges that, in "2019," Sgt. Thomas came into his dorm and ordered him onto the stairs. (Id. at 5.) Plaintiff protested that he had a "medical profile," but Sgt. Thomas replied "I don't care about any profile . . . get on the damn stairs." (Id.) Plaintiff stated that his "back and hip hurt" and Sgt. Thomas told him "your ass is going to hurt if you don't get on the stairs." (Id.) When Plaintiff continued to refuse to climb the stairs, Sgt. Thomas stated that no one would get to eat until Plaintiff got on the stairs. (Id.) Other inmates began to threaten plaintiff, so he "started going through the pain." (Id.) Over some "months," Plaintiff was moved to a different dormitory after "two fights." (Id.) Sgt. Thomas continued to make Plaintiff go on the stairs. (Id.) After a third fight because inmates were served cold food because of Plaintiff, was moved again. (Id.)

4

Here, Plaintiff's amended complaint fails to comply with the federal rules of civil procedure. As an initial matter, Plaintiff has pled all of his claims against different defendants in a single paragraph. This is a form of "shotgun pleading" that Courts in this Circuit "have condemned repeatedly." See Weiland v. Palm Beach Cty. Sheriff's Off., 792 F.3d 1313, 1320-22 (11th Cir. 2015) ("Complaints that violate Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'"); see also Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim); Fed. R. Civ. P. 10(b) (requiring discrete claims to be pleaded in separate counts). As a result, the amended complaint is due to be dismissed under Rule 8(a)(2) and Rule 10(b). See Weiland, 792 F.3d at 1320 (explaining that a district court's inherent authority to control its docket and ensure the prompt resolution of lawsuits empowers it to dismiss a shotgun pleading for failure to comply with Rule 8(a)(2) and Rule 10(b)).

Moreover, Plaintiff's claims against Sgt. Roberts and Sgt. Thomas arising out of different incidents are not sufficiently related to permit joinder in a single suit. As Plaintiff has been instructed multiple times, a plaintiff may not use a single complaint to join unrelated claims that do not both (a) arise from "the same transaction, occurrence, or series of transactions or occurrences" and (b) involve a "question of

law or fact common to all defendants." See Fed. R. Civ. P. 20(a)(2)(A)-(B). Unrelated claims must be brought in separate suits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (stating that "a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected" under Rule 20). Although the Court is aware of plaintiff's *pro se* status, *pro se* litigants must nonetheless comply with the Federal Rules of Civil Procedure. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

In any event, the allegations of the amended complaint fail to state a claim. Construing the complaint liberally, it appears that Plaintiff is attempting to assert (1) a medical deliberate indifference claim against Sgt. Roberts for making him go on the stairs, and (2) a medical deliberate indifference claim against Sgt. Roberts for making him drop to the ground during some kind of security incident, (3) a Fourth Amendment unreasonable-search-and-seizure claim against Sgt. Roberts for strip-searching him, (4) a medical deliberate indifference claim against Sgt. Thomas for making him go on the stairs, and (5) a verbal "harassment" claim against Sgt. Thomas. (See Doc. 16 at 4-5.)

With respect to Plaintiff's medical deliberate indifference claims, at no point in the amended complaint does Plaintiff actually allege that he had a serious medical need or otherwise describe the nature of his condition. See Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000) (holding that, to show a constitutional violation, an inmate must demonstrate: (1) an objectively serious medical need that, if left unattended, poses a substantial risk of serious harm; (2) that the prison official acted with deliberate indifference towards that need; and (3) that the response made the official to that need was poor enough to constitute "an unnecessary and wanton infliction of pain," and not merely accidental inadequacy or negligence). Defendant's refusal to honor Plaintiff's "lower tier, bottom bunk, double mattress" profile does not, standing alone, establish a constitutional violation. See, e.g., United States v. Caceres, 440 U.S. 741, 751-52 (1979) (stating that an agency's violation of its own policies or regulations does not raise a constitutional question). Because Plaintiff has not alleged a serious medical need or pled facts supporting that Defendants acted with a sufficiently culpable state of mind in disregarding that need, he fails to state a medical deliberate indifference claim. See Taylor, 221 F.3d at 1258.

To the extent that Plaintiff complains about Sgt. Roberts strip searching him, a prisoner states a constitutional claim if he alleges that the strip search was

unreasonable or if the strip search was conducted in an abusive manner. Powell v. Barrett, 541 F.3d 1298, 1314 (11th Cir. 2008) (en banc). An unreasonable or abusive strip search occurs when the search is "devoid of penological merit and imposed simply to inflict pain," Harris v. Ostrout, 65 F.3d 912, 915-16 (11th Cir. 1995), or if an inmate alleges that he was "forced to be naked under circumstances such as a malicious act intended to humiliate the inmate." Fatir v. Phelps, No. CV 18-933-CFC, 2019 WL 2162720, at *9 (D. Del. May 17, 2019).

     Here, Plaintiff has not alleged any facts supporting that the strip search was conducted in an unreasonable or abusive manner. See, e.g., Moton v. Walker, 545 F. App'x 856, 859-60 (11th Cir. 2013) (per curiam) (holding that strip search where plaintiff was required to bend over, spread his buttocks, and cough three times did not violate the plaintiff's clearly established rights); Peek v. City of N.Y., No. 13-cv-4488 (AJN), 2014 WL 4160229, at *2 (S.D. N.Y. Aug. 18, 2014) (finding strip search not unreasonable where after a visit the plaintiff was stripped fully naked and told to turn around, spread his buttocks and cough); Johnson v. White, No. CIV. A. 3:03CV919, 2004 WL 3222733, at *2 (E.D. Va. Aug. 19, 2004) (finding discrete and expeditious strip search of inmate did not violate his constitutional rights where the inmate was instructed to lift his genitals, lift his feet, turn around, open his mouth,

8

and squat and cough several times); cf. Evans v. Stephens, 407 F.3d 1272, 1281-82 (11th Cir.2005) (holding that a strip search was unconstitutional because inmates were searched in an abnormal place, little privacy was observed, each inmate was penetrated by an object in front of the other, and the officers used threatening and racist language). Indeed, plaintiff does not allege any facts about how the strip search was conducted, and his assertion that his Fourth Amendment rights were violated is an unsupported legal conclusion. See Iqbal, 556 U.S. at 678.

Finally, with respect to Plaintiff's claim about Sgt. Thomas's verbal "harassment," these allegations fail to state a constitutional claim. See Wilson v. Silcox, 151 F. Supp. 2d 1345, 1352 (N.D. Fla. 2001) (stating that "[g]enerally, verbal threats, without more, are insufficient to state a cause of action under the Eighth Amendment") (quotation marks omitted); see also Barney v. Pulsipher, 143 F.3d 1299, 1310 n.11 (10th Cir. 1998) (stating that "acts of verbal harassment alone are not sufficient to state a claim under the Eighth Amendment"); Rivers v. Pippen, No. 3:12cv480/LAC/EMT, 2012 U.S. Dist. LEXIS 184338, at *4-5 (N.D. Fla. Dec. 12, 2012) (explaining that "[h]arassment or verbal abuse does not rise to the level of a constitutional violation") (quotation marks omitted).

Accordingly, **IT IS RECOMMENDED** that the amended complaint be **DISMISSED** under § 1915A for failure to state a claim and as frivolous.

The Clerk of Court is **DIRECTED** to terminate the referral to the undersigned United States Magistrate Judge.

**SO RECOMMENDED**, this 8th day of February, 2022.

/s/ J. Clay Fuller
J. Clay Fuller
United States Magistrate Judge